(No. 11099.)
HENRY F. C. HARMENING, Defendant in Error, vs. FRANK
O. HAWLEY, Plaintiff in Error.

*Opinion filed February 21, 1917.*

FREEHOLD—*when a freehold is not involved in controversy over contract for sale of land.* No freehold is involved on writ of error to review a decree finding that the proposed purchaser of a farm has failed to carry out his contract, that his rights are forfeited and that the two city lots which he conveyed to the proposed vendor as earnest money be retained by the latter as provided by the contract, where no cross-bill was filed and no issue raised as to the title to the lots.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

CHARLES H. DARLING, for plaintiff in error.

S. L. RATHJE, (RAYMOND & NEWHALL, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The decree in this case finds that the plaintiff in error and the defendant in error entered into an agreement in writing on September 23, 1914, for the purchase of a farm of about two hundred acres by the plaintiff in error from the defendant in error for $23,500, of which $2500 as earnest money, to be applied on the purchase when consummated, was then paid by the conveyance by the plaintiff in error to the defendant in error of two lots in Oswego, in Kendall county. The contract provided for the exchange of abstracts of title, the payment and securing of the balance of the purchase money by March 1, 1915, the execution of a warranty deed to the purchaser and the forfeiture of the earnest money in case of failure of performance by the purchaser, time being declared to be of the essence of the contract. The decree finds that the defendant in error

performed the things required of him by the contract and was at all times ready, able and willing to comply with its terms, and at the proper time tendered a warranty deed of the farm, demanding that the plaintiff in error perform the contract on his part, but the plaintiff in error refused to do so, whereupon the defendant in error elected to hold the lots conveyed to him as earnest money as liquidated damages. It was therefore decreed that the rights of the plaintiff in error were terminated and forfeited, that the lots in Oswego be retained by the defendant in error as liquidated damages, that the plaintiff in error be barred and estopped from asserting any claim to them and enjoined from collecting any rent from them, and that he pay the costs.

The pleadings are abstracted in the following words: "Bill of complaint.—Answer of Frank O. Hawley, defendant."

The only error complained of in the argument is, that the cause having been heard in open court on April 10, 1916, and the court having orally announced his finding, no decree was entered or minutes made showing what or in whose favor the decree was to be, but that afterward, during an adjournment of the court from April 15 to May 20, on May 11, when the court was not in session, what purported to be a decree in the cause was filed in the office of the clerk bearing the written direction of the judge who heard the cause to enter the same, and it was recorded as a part of the proceedings of the court on April 10, 1916. The plaintiff in error contends that there was no decree until the decree was approved by the chancellor and filed for record, and that the chancellor had no authority to make a decree when court was not in session.

This writ of error should have been sued out of the Appellate Court. No freehold is involved and there is no other ground for a writ of error from this court. The defendant in error acquired the freehold by the deed from the plaintiff in error. Nothing is disclosed in the pleadings

which puts his title in issue.   The plaintiff in error has filed
no cross-bill.   Even if the court had dismissed the bill the
defendant in error would still have retained the freehold
conveyed to him by the plaintiff in error.

The cause will be transferred to the Appellate Court
for the Second District.          *Cause transferred.*